UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PHYLLIS HARVEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-136 |
| SAM'S CLUB, STORE #8174, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 23] filed by the defendant, Sam's Club, Store #8174, on November 21, 2023. For the following reasons, the motion is **GRANTED**.

*Background*

The plaintiff, Phyllis Harvey, initiated this matter in Indiana state court on May 18, 2020, against the defendant, Sam's Club, Store #8174, seeking damages for personal injuries she sustained when she tripped and fell over a flatbed cart while visiting the defendant's store in Merrillville, Indiana, on June 2, 2018. According to Harvey, her injuries resulted from Sam's Club's negligence. On May 16, 2022, this case was removed to federal court. On November 21, 2023, Sam's Club filed the instant motion for summary judgment. [DE 23]. Harvey filed a response [DE 31] on January 19, 2024. On February 9, 2024, Sam's Club filed its reply. Thus, this motion is ripe for review.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this court has jurisdiction to decide this case pursuant to **28 U.S.C. § 636(c)**.

*Undisputed Material Facts*

On June 2, 2018, Harvey went to Sam's Club in Merrillville, Indiana, a store she has been to several times. [DE 32, p. 4]. While walking east to enter the store, Harvey tripped and fell over a stationary flatbed cart outside the store's entrance. [DE 32, pp. 4-5]. According to Harvey, she did not see the flatbed cart before she tripped because "it was in an area where she had never before seen flatbed carts to be stored" and was outside her field of vision. [DE 32, p. 5]. Security footage showed that no other pedestrians were near her at the time of the fall. [DE 32, pp. 5-6].

At the time of the incident, it was a clear, dry, sunny day. [DE 32, p. 4]. A Sam's Club employee placed the flatbed carts near the front entrance of the store around 45 minutes before Harvey tripped and fell. [DE 32, p. 4]. Prior to the accident, security footage shows another customer walk around the flatbed cart without incident. [DE 32, p. 7].

*Discussion*

Under **Federal Rule of Civil Procedure 56(a)**, summary judgment is proper only if the movant has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322–23 (1986); **Gnutek v. Illinois Gaming Bd.**, 80 F.4th 820, 824 (7th Cir. 2023); **Garofalo v. Vill. of Hazel Crest**, 754 F.3d 428, 430 (7th Cir. 2014); **Kidwell v. Eisenhauer**, 679 F.3d 957, 964 (7th Cir. 2012). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 160 (1970); **Pack v. Middlebury Comm. Sch.**, 990 F.3d 1013, 1017 (7th Cir. 2021).

When the movant has met its burden, the opposing party cannot rely solely on the

allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." ***Marr v. Bank of Am., N.A.***, 662 F.3d 963, 966 (7th Cir. 2011); *see also* ***Steen v. Myers***, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting ***Hammel v. Eau Galle Cheese Factory***, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. ***Weaver v. Champion Petfoods USA Inc.***, 3 F.4th 927, 934 (7th Cir. 2021). Failure to prove an essential element of the alleged activity will render other facts immaterial. ***Celotex***, 477 U.S. at 323; ***Filippo v. Lee Publications, Inc.***, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986); ***Khungar v. Access Cmty. Health Network***, 985 F.3d 565, 572-73 (7th Cir. 2021). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. ***Anderson***, 477 U.S. at 248; ***Cung Hnin v. Toa, LLC***, 751 F.3d 499, 504 (7th Cir. 2014); ***Wheeler v. Lawson***, 539 F.3d 629, 634 (7th Cir. 2008).

In diversity actions, federal courts apply state substantive law. ***Wachovia Securities, LLC v. Banco Panamericano, Inc.***, 674 F.3d 743, 751 (7thCir. 2012), *citing* ***Erie R. Co. v. Tompkins***, 304 U.S. 64, 78 (1938). To prevail on her negligence claim under Indiana law, Harvey must show

3

that (1) a duty was owed to her by Sam's Club; (2) that duty was breached because Sam's Club's conduct fell below the applicable standard of care; and (3) the breach proximately caused her injuries. *See* **Harradon v. Schlamandinger**, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). At trial, the plaintiff bears the burden of proving that there was negligence, and "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, *on each element* must be designated to the trial court. However, an inference is not reasonable when it rests on no more than speculation or conjecture." **Hayden v. Paragon Steakhouse**, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (citing **Miller v. Monsanto Co.**, 626 N.E.2d 538, 541 (Ind. Ct. App. 1993)); **Midwest Commerce Banking Co. v. Livings**, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993)). Accordingly, "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." **Hale v. Cmty. Hosp. of Indianapolis, Inc.**, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991); *see also* **Ogden Estate v. Decatur Cnty. Hosp.**, 509 N.E.2d 901, 903 (Ind. Ct. App. 1987) ("Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go."). "Similarly, causation may not be inferred merely from the existence of an allegedly negligent condition." **Midwest Commerce Banking**, 608 N.E.2d at 1013.

The parties do not dispute that Harvey was an invitee, that is, "a person who [was] invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." **Burrell v. Meads**, 569 N.E.2d 637, 642 (Ind. 1991) (quoting **Restatement (Second) of Torts § 332 (1965)**). Thus, Sam's Club owed Harvey the duty of "reasonable care for the invitee's protection while [she] is on the premises." **Christmas v. Kindred Nursing Centers Ltd. P'ship**, 952 N.E.2d 872, 880 (Ind. Ct. App. 2011). Sam's Club is subject to liability for physical harm caused to its invitees by a condition on the property if, but only if, [it]:

4

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger

*Burrell*, 569 N.E.2d at 639-40 (quoting **Restatement (Second) of Torts § 343 (1965)**); *see also, e.g.*, *Harradon*, 913 N.E.2d at 301.

That said, Sam's Club is not liable to "invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." **Restatement § 343, cmt. a**. A condition is "known" under Section 343A if the plaintiff is both aware of the condition and appreciates its danger. **Restatement § 343A, cmt. b**. Additionally, a condition is "obvious" under Section 343A if both the condition and the risk are apparent to, and would be recognized by, a reasonable person in the position of the visitor exercising ordinary perception, intelligence, and judgment. **Restatement § 343A, cmt. b**.

Sam's Club contends that it is entitled to summary judgment because Harvey has presented no evidence that the flatbed cart posed an "unreasonable risk of harm" or that it breached a duty owed to her. Additionally, Sam' Club argues that a reasonable person in the same position as Harvey exercising ordinary care would have recognized the flatbed cart and protected herself against it. Consequently, Sam's Club asserts that Harvey cannot meet her burden of establishing a breach of duty, and summary judgment should be granted in its favor.

In response, Harvey states that there is a genuine issue of material fact as to whether she demonstrated a lack of reasonable care. Harvey contends that the flatbed cart was beneath her field of vision and placed in the pathway of a trafficked area, rendering the cart dangerous to pedestrians. According to Harvey, a trier of fact should be allowed to determine whether Sam's Club was

negligent in the placement of its flatbed carts.

Whether the flatbed cart constituted an "obvious" danger is analyzed under a reasonable person standard. *See* **Restatement § 343A, cmt. b**. The relevant question is whether any risk associated with flatbed carts would be recognized by a reasonable person in Harvey's position exercising ordinary perception, intelligence, and judgment. *Id.* In accordance with this standard, the court finds that a reasonable person shopping at Sam's Club, or any bulk shopping center for that matter, should expect to see both shopping carts and flatbed carts in various locations about the store. Shopping centers have corrals located throughout the parking lot for such carts and, typically, have them stored at or near the entrance to the building. To the vexation of many, stray shopping carts are commonly observed throughout parking lots or inside shopping centers at random locations, abandoned by indifferent customers. Consequently, a reasonable person in the plaintiff's position would expect to encounter flatbed carts while venturing to a shopping center, especially near the entrance of Sam's Club.

Harvey contends that she did not recognize the danger posed by the flatbed cart because she had "never seen or been accustomed to seeing flatbed carts arranged in front of entrance doors." [DE 31, p. 5]. Even so, Harvey has provided no explanation as to how the location of the flatbed carts, placed on the sidewalk next to the front of the store, made it more dangerous than usual. Absent unusual circumstances, business owners should be able to expect their patrons to know how to avoid common obstacles, such as a flatbed cart, while traversing its property. *See* **Weaver v. Speedway, LLC**, No. 2:19-CV-41 JEM, 2021 WL 1578821, at *4 (N.D. Ind. April 22, 2021) (where the plaintiff contested the obviousness of a curb that she tripped over causing injury, the court nevertheless held that "curbs themselves are everyday occurrences, of which landowners can expect invitees to both see and know how to navigate absent a characteristic such as a crack

or a distraction to the invitee.").

In reviewing the evidence in the record, nothing suggests that the location of the flatbed carts created an unreasonable risk of harm. Based on the photographs submitted to the court, it appears that there was sufficient room on the sidewalk to allow pedestrians to walk around the flatbed carts without issue. In fact, security footage showed another customer walk around the flatbed carts at issue before Harvey's incident. *See* Def. Ex. 2C; [DE 25-4]. Accordingly, a customer of reasonable prudence would recognize the presence of the flatbed cart and Sam's Club had no reason to expect that Harvey would not protect herself against it.

Moreover, "a landowner 'is not liable for injuries that are caused by conditions that are known or obvious unless the landowner can anticipate that injury despite the obviousness of the risk.'" **Crisp v. I/N Tek, L.P.**, No. 3:05–CV–371, 2008 WL 222287, at *1 (N.D. Ind. Jan. 25, 2008) (quoting **Carter v. Am. Oil Co.**, 139 F.3d 1158, 1164 (7th. Cir.1998). Here, there is no evidence that placement of the flatbed carts posed an unreasonable risk to customers that Sam's Club should been aware of. *See, e.g.*, **Ozinga Transp. Sys. v. Michigan Ash Sales, Inc.**, 676 N.E.2d 379 (Ind. Ct. App. 1997) (affirming that a property owner was not liable because it could not have informed plaintiff of any facts of which he was not already aware); *See also* **Dae Kon Kwon v. Costco Wholesale Corp.**, 469 Fed. Appx. 579, 580 (9th Cir. 2012) (affirming the district court's finding "that a stationary row of five flatbed carts is not an unreasonable hazard").

## *Conclusion*

Thus, after construing all facts in the light most favorable to Harvey and drawing all reasonable inferences in her favor, the court finds that Sam's Club has met its burden on summary judgment.

Based on the foregoing reasons, the defendant's Motion for Summary Judgment [DE 23] is **GRANTED**. This matter is **DISMISSED**.

ENTERED this 14th day of March, 2024.

<u>/s/ Andrew P. Rodovich</u>
United States Magistrate Judge
